**GROVES v FREEDOM OIL WORKS CO**

Ohio Appeals, 7th Dist, Guernsey Co

Decided Nov 23, 1938

Melton Boyd, Cambridge, and Jess F. Fazekas, Cambridge, for appellant.
Willard Campbell, Cambridge, for appellee.

## OPINION

By LEMERT, J.

The plaintiff below is a resident of Cambridge, Ohio, who, prior to the facts in

controversy, for a period of four months, from November, 1933, to March, 1934, had leased and was attempting to engage in the gasoline and oil business of distributing to retailers and retailing at a filling station.

The Freedom Oil Works Company, defendant, has its principal office at Freedom, Pennsylvania, and is a manufacturer or refiner of gasoline and oil petroleum products and is a wholesaler of the same manufactured by itself and also other refineries, which products are sold under the brand name of "Freedom".

Trial was had on the issues made by the petition answer and reply: The petition in brief alleged that the parties made a verbal agreement on or about March 1, 1934, pursuant to which they entered into a written contract on April 11, 1934. The petition alleged further that pursuant to the contract plaintiff leased a distributing plant for a five year period, made preparations to operate it in distributing and retailing defendant's gasoline and oil and that the defendant breached this alleged contract by failing to make deliveries.

The answer was a general denial and specific allegations that no contract was made by reason, first, of defendant never having executed a contract, and second, the intended entering into such contract was conditioned on plaintiff procuring certain franchises from the Ethyl Gasoline Corporation of New York, which would permit plaintiff to handle defendant's gasoline containing Anti-Knock Compound, manufactured and sold under the registered trade name of The Ethyl Corporation.

The reply was denial of the specific allegations in defendant's answer.

Numerous and various motions were filed by the appellant in the court below: all of which were overruled, and there were some nine grounds of error claimed and relied upon by appellant in this court for a reversal of this case. We deem it unnecessary to separately go into each of these alleged assignments of errors, so that we will go directly to such errors as we deem necessary for consideration for a proper determination of this case.

Going first to the defendant's request to grant a Special Instruction to the jury in the following form:

"I charge you that if you, the jury, find by the preponderance of the evidence that the plaintiff and the defendant entered into a contract, then under the evidence you shall find whether there were any conditions upon which this contract became effective in so far as it required perform-

ance by either party thereto. If from the evidence you find that the parties agreed that performance by The Freedom Oil Works Company in supplying gasoline pursuant to this contract was conditioned on the granting of a license or franchise to Harry F. Groves, by the Ethyl Corporation, and further find that the Ethyl Corporation refused to grant Groves such license or franchise, you will then find that The Freedom Oil Works Company was relieved of performance under this contract, and you will then return your verdict for the defendant."

In a careful examination of the pleadings and the evidence adduced in the trial of this case, as shown by the record, we are of the opinion that there was no error in the court's refusal to charge this Special Request.

Going to the court's general charge, we find from the record, at page 245, the court used the following language:

"The defendant claims a condition precedent to the operation of the contract alleged, and on this it is the burden of the defendant to prove to you by the preponderance of the evidence that the contract referred to in plaintiff's petition was not to have effect until or unless there be a license or permission on the part of the plaintiff from the Ethyl Gasoline Corporation to sell what has been called leaded gas. In all these matters you are the triers of the fact, and it is your province to determine which side prevails by presenting to you a preponderance of the evidence to support his or its claim."

The court further charged:
"In considering the matters which must be proven by either plaintiff or defendant you are charged that in this type of case such proof must be brought to you by either plaintiff or defendant, or whichever is making an effort to maintain the claim set up in his or its pleadings, and that this must be proven by a preponderance of the evidence, and whenever that term is used it is to be understood that preponderance of the evidence is the greater weight of the evidence; it does not mean that you shall be convinced beyond reasonable doubt, or to a mathematical certainty; it does not mean that one side shall call more witnesses than the other."

and, further, on page 246 of the court's opinion we find:
"and it is your province to determine which

side prevails by presenting to you a preponderance of the evidence to support his or its claim."

We note from the record that the matters alleged in the second defense of the answer, although expressed affirmatively, are in fact a general denial. That being true, does not change the burden of proof to the defendant.

9 O. Jur. 633.

"This burden of proof remains with the plaintiff to prove the contract and his performance as alleged in his petition, where the defendant for answer denies the allegations of the petition and alleges a contract differing in material conditions to that alleged by the plaintiff."

See **List & Sons Co v Chase, 80 Oh St 42.**

Further, in 9 O. Jur., page 638, the author states:

"Where the plaintiff alleges an unconditional contract and the defendant denies the petition and offers evidence tending to prove that his promise was upon condition and that the condition was not performed, the plaintiff has the burden of proving that the contract was unconditional."

12 O. C. C., N. S., 269;

32 O. C. C., 445.

So it follows that we find that there was error in the charge of the court to the jury. We further find that the court erred in admitting evidence that was prejudicial to the defendant; to which the defendant objected. The plaintiff by his pleadings alleged a verbal contract and by his evidence assumed to prove a written contract. This became especially prejudicial to defendant by plaintiff offering irrelevant matter in support of his testimony, that being the oil contract, defendant's Exhibit 1, which was in writing and dated March 1, 1934. There was not only mere variance between the pleading and proof but a varied proof, coupled with an irrelevancy, that would have a marked effect upon the mind of the jury.

The court erred in admitting in evidence the plaintiff's opinion of the gross amount of his damages. See case of **Cincinnati Traction Co. v Stephens, Administrator, 75 Oh St 171.**

The Supreme Court held:

"Upon the trial of such action it is error to permit the plaintiff, the parent of the deceased, to give his opinion as to the value of his child's services to him and his family at the time of her death and thereafter, that being for the determination of the jury upon the facts given in evidence."

At page 180 the court says:

"The reason therefor being that the opinion of a witness is not a fact, and further that the case neither called for expert testimony to the jury, nor did the plaintiff qualify as an expert."

We note that the plaintiff in this case gave his opinion, as shown on pages 35, 36 and 37, without at any time laying the foundation therefor or giving the facts of the alleged breach upon which the opinion was based. One further thought: We find from the record, on page 37:

"Q. What did you lose specifically by using a colored white gas?

A. If you want me to name a figure I would say ten to fifteen thousand dollars."

It must be noted that that opinion was given without any basis of facts to substantiate the same. On pages 60, 61 and 62, it can be clearly seen by the statement of the plaintiff that he had no facts upon which to base an opinion. Furthermore, he alleged in his petition that he entered into a lease in contemplation of this alleged contract. On examination, as shown by the record, he had entered into a contract of lease for the premises in November, 1933, some five or six months prior to any negotiations for any dealers of any kind.

On page 35 of the record when questioned by the court the plaintiff, when asked his opinion as to the amount of damages, answered: "Well, I lost my home", and later states that he lost his reputation. We are of the opinion that this evidence was highly prejudicial and irrelevant and incompetent.

We find no other errors in the record worthy of consideration.

For the reasons already stated, the judgment of the court below will be reversed and the cause remanded for further proceedings according to law. Exceptions may be noted.

MONTGOMERY, PJ, and SHERICK, J, concuring.